UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Law Offices of Christopher J.
Trainor & Associates, P.C., and
Christopher Trainor,

    Plaintiffs,

v.                                                                                          Case No.: 14-14246

Tikee Pittman a/k/a Michael Patton,                            Honorable Sean F. Cox
Crystal Finere Patton a/k/a Crystal Pittman,
Ilegal Marketing, ilegalmarketing.com,
PPC Fish, and ppcfish.com,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (Doc. #32)**

    This case is, chiefly, a breach of contract action. Plaintiffs, the Law Offices of Christopher J. Trainor, P.C. and Christopher Trainor (collectively, "Plaintiffs"), allege that they entered into a contract with Defendants for the provision of internet marketing services. (Amended Complaint, Doc. #4). Plaintiffs allege that Defendants accepted Plaintiffs' pre-payment in the amount of $169,000.00, but failed to fulfill their duties under the contract.

    This matter is before the Court on Plaintiffs' Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55. (Doc. #32). The Clerk of the Court has entered default as to all Defendants, and no response to the motion has been filed. The Court held a hearing on Plaintiffs' motion on May 21, 2015. For the reasons set forth below, the Court shall GRANT IN PART and DENY IN PART Plaintiffs' Motion for Default Judgment.

**BACKGROUND**

It is well settled that a defendant who defaults "thereby admits all 'well pleaded' factual allegations contained in the complaint." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *see also Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citing *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110-11 (6th Cir. 1995)). Because the Clerk of the Court entered default against all Defendants, this Court shall accept all well-pleaded factual allegations in Plaintiffs' Amended Complaint as admitted.

Plaintiffs Christopher Trainor and Law Offices of Christopher J. Trainor & Associates, P.C. are citizens of Michigan. (Amd. Compl., Doc. #4 at ¶¶ 1-2). Plaintiffs filed their Complaint on November 4, 2014, (Doc. #1), and an Amended Complaint on November 14, 2014. (Doc. #4).

There are six named Defendants in this case. Two Defendants are individuals: Tikee Pittman a/k/a Michael Patton, and Crystal Finere Patton a/k/a Crystal Pittman. (Doc. #4 at ¶¶ 3, 5). Both individual Defendants are citizens of California, and are allegedly husband and wife. (Doc. #4 at ¶ 7).

Two Defendants appear to be businesses: Ilegal Marketing and PPC Fish. Plaintiffs allege that Ilegal Marketing is an "unincorporated artificial association[]" with a primary place of business in Fayetteville, North Carolina. (Doc. #4 at ¶ 9). Plaintiffs allege that PPC Fish is also an unincorporated artificial association with a primary place of business in San Jacinto, California. (Doc. #4 at ¶ 13). Plaintiffs allege that Tikee Pittman and Crystal Patton are owners and/or partners and/or agents of Defendants Ilegal Marketing and PPC Fish. (Doc. #4 at ¶¶ 4, 6).

The last two Defendants are website addresses: Ilegalmarketing.com, and PPCFish.com. Plaintiffs allege that these website addresses are also "unincorporated artificial associations" with their primary places of business in Fayetteville, North Carolina and San Jacinto, California,

2

respectively. (Doc. #4 at ¶¶ 9, 13). Plaintiffs also allege that Tikee Pittman and Crystal Patton are owners and/or partners and/or agents of Defendants Ilegalmarketing.com and PPCFish.com. (Doc. #4 at ¶¶ 4, 6).

Plaintiffs allege that on December 2, 2013, Defendants "submitted to Plaintiffs a one year Internet Marketing Proposal." (Amd. Compl. at ¶ 27). Plaintiffs claim that they "accepted Defendants' proposal and pre-paid the agreed upon price of $169,000." (Amd. Compl. at ¶ 28). Plaintiffs allege that Defendants "have failed to provide the promised services and is [sic] in breach of the parties' agreement." (Amd. Compl. at ¶ 29).

Plaintiffs have attached two exhibits to the Amended Complaint. Exhibit A is a "Pay Per Call Advertising Contra" that appears to have been executed by Christopher Trainor and Michael Patton on September 20, 2013. (Amd. Compl., Ex. A). It appears to state that Defendant Ilegal Marketing would provide personal injury pay per lead calls to Plaintiffs in exchange for a "total fee" of $1000, as well as $30 per call, and a "call management fee" of $100 per month. (Amd. Compl. at Ex. A).

Plaintiffs' Exhibit B is an "Internet Marketing Proposal." It appears to detail the types of Internet Marketing services that Ilegal Marketing provides. (Amd. Compl. at Ex. B). On the last page of Exhibit B is a section entitled "Terms & Agreement." It appears to provide that the monthly cost for the services detailed in the Proposal is $19,500. (Amd. Compl. at Ex. B).

At the hearing on Plaintiffs' motion, Plaintiffs' counsel provided the Court with the affidavit of Plaintiff Christopher J. Trainor ("Trainor"). In his affidavit, Trainor states that

> After [Defendants] submitted a one-year Internet Marketing Proposal on or about December 2, 2013, the Law Offices of Christopher J. Trainor & Associates pre-paid $169,000.00 to [Defendants] for their advertising services for the calendar year of 2014.

>    . . . [and]
>
>    That [Defendants] did not perform the agreed-upon services or otherwise provide any benefit to myself and the Law Offices of Christopher J. Trainor & Associates in consideration of the $169,000.00.

(Trainor Aff at ¶¶ 4, 5).

Plaintiffs have pleaded the following claims against all Defendants: Count One - Breach of Contract; Count Two - Failure To Provide Promised Benefits And Deliver Agreed-Upon Terms; Count Three - Unjust Enrichment; Count Four - Violation of MCL 600.2919(a)[1]; and Count Five - Fraud In The Inducement. (Amd. Compl., Doc. #4).

Plaintiffs have filed Certificates of Service as to all Defendants, thereby claiming that they have properly served all Defendants with a copy of the summons and Amended Complaint. (Doc. ##9–15). Plaintiffs served Tikee Pittman a/k/a Michael Patton on November 29, 2014 by personal service at a San Jacinto, California residence.[2] (Doc. #9). Plaintiffs served Crystal Patton on November 29, 2014 by leaving a copy of the summons and complaint with Tikee Pittman at the same San Jacinto, California residence. (Doc. #14). Plaintiffs served the company Defendants and website Defendants by serving Tikee Pittman at the San Jacinto, California address. (Doc. ## 10–13). Those Certificates of Service state that Ilegal Marketing, Ilegalmarketing.com, PPC Fish, and PPCFish.com were all served through Tikee Pittman, "who is designated by law to accept service" on their behalf. (*Id.*).

On January 7, 2015, the Clerk of the Court entered default as to each Defendant in this case.

---

[1] M.C.L. § 600.2919 refers to damages to land; the Court assumes that Plaintiffs intended to plead a violation of M.C.L. § 600.2919a, which is Michigan's statutory conversion provision.

[2] 998 Virginia Lee Ct., San Jacinto, CA 92653.

(Doc. ## 23–29). Plaintiffs served the Clerk's Entry of Default notices on Defendants at the San Jacinto, California address. (Doc. #30).

On March 3, 2015, Plaintiffs filed a Motion for Default Judgment as to All Defendants. (Doc. #32). Plaintiffs served all Defendants with a copy of the Notice of Hearing for Plaintiffs' Motion for Default Judgment. (Doc. #34).

Plaintiffs request that the Court enter default judgment against Defendants in the following amounts:

a. $169,000 which represents the paid contract price by Plaintiffs;

b. Treble damages in the amount of $507,000.00 ($169,000 x 3);

c. $20,000 in attorney fees and costs.

(Pl. Mo., Doc. #32 at 3).

## ANALYSIS

Under Federal Rule of Civil Procedure 55(a), the Court may enter default judgment against a party if that party has failed to plead or otherwise defend the claim. Fed. R. Civ. P. 55(a). "Once a default has been entered by the clerk's office, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted." *J & J Sports Productions, Inc. v. Bader Matti*, 2015 WL 900478 at *1 (E.D. Mich. 2015) (citing *Atlas Turner*, 66 F.3d at 110). "[A]llegations regarding the amount of damages must be proven." *Broadcast Music, Inc. v. Pub Acquisition, LLC*, 2014 WL 2993661 at *4 (N.D. Ohio 2014). Under Rule 55(b)(1), Plaintiffs' burden is to "establish that the damages requested are such that may be computed to a sum certain." *Meyer v. City of Cincinnati*, 943 F.2d 52 at *3 (6th Cir. 1991). "The court must conduct an inquiry sufficient to establish damages to a reasonable certainty." *J&J Sports Prods., Inc. v. Cole's Place, Inc.*, 2012

WL 469918, at *2 (W.D. Ky. 2012) (quoting *J&J Sports Prods., Inc. v. Daley*, 2007 WL 7134707 at *3 (E.D.N.Y. 2007)). Civil Rule 55 "allows but does not require the district court to conduct an evidentiary hearing." *Broadcast Music*, 2014 WL 2993661 at *4 (quoting *Vesligaj v. Peterson*, 331 Fed. App'x 351, 354-55 (6th Cir. 2009)).

### 1) The Court Shall Award Damages in the Amount of $169,000.00 to Plaintiffs.

Based on the allegations in the Amended Complaint and the attached Exhibits, as well as the affidavit of Plaintiff Christopher Trainor, the Court finds that Plaintiffs have sufficiently established that they had a contract with Defendants pursuant to which Plaintiffs pre-paid $169,000 in exchange for services that were ultimately never provided. Therefore, the Court shall GRANT Plaintiffs' Motion for Default Judgment to the extent that Plaintiffs seek damages in the amount of the contract price, or $169,000.00.

### 2) Plaintiffs Are Not Entitled to Treble Damages or Attorney's Fees and Costs Pursuant to M.C.L. § 600.2919a.

Plaintiffs claim that they are entitled to treble damages and attorney fees pursuant to M.C.L. § 600.2919a because Defendants wrongfully converted Plaintiffs' money to their own use. M.C.L. § 600.2919a provides, in pertinent part:

> Sec. 2919a. (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
>
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
>
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.
>
> (2) The remedy provided by this section is in addition to any other right or remedy

the person may have at law or otherwise.

M.C.L. § 600.2919a.

"Conversion is only applicable in cases involving money that is the property of one party but held by another party (e.g., bank accounts, trusts, etc.) which is then wrongfully taken." *Sudden Serv. Inc. v. Brockman Forklifts, Inc.*, 657 F. Supp. 2d 811, 816 (E.D. Mich. 2008). "To support an action for conversion of money, the defendant must have an obligation to return the specific money entrusted by plaintiff to his care." *Llewellyn-Jones v. Metro Property Group, LLC*, 22 F. Supp. 3d 760, 788 (E.D. Mich. 2014) (quoting *El Camino Res., Ltd. v. Huntington Nat'l Bank*, 722 F. Supp. 2d 875, 915 (W.D. Mich. 2010)). "A conversion claim 'cannot be brought where the property right alleged to have been converted arises entirely from the [plaintiff's] contractual rights.'" *Id.* (quoting *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, 941 F. Supp. 2d 807, 827 (E.D. Ky. 2013)).

Plaintiffs have not alleged that Defendants were holding Plaintiffs' property pursuant to some duty independent of their alleged contractual duty. Rather, Plaintiffs claim that they paid Defendants $169,000 pursuant to the parties' contract, but that Defendants failed to perform their contractual duties. Plaintiffs have failed to allege that Defendants had an independent duty to return Plaintiffs' funds. In fact, had Defendants performed their alleged contractual duties, they would have had no obligation to return Plaintiffs' funds. Thus, the Court finds that Plaintiffs have not pleaded a statutory conversion claim against Defendants. Accordingly, the Court shall DENY Plaintiffs' Motion for Default Judgment to the extent that Plaintiffs seek treble damages and attorney's fees and costs pursuant to M.C.L. § 600.2919a.

## CONCLUSION

Based on the foregoing, the Court shall GRANT IN PART and DENY IN PART Plaintiffs' Motion for Default Judgment. (Doc. #32). Within seven (7) days of entry of this Opinion and Order, Plaintiffs shall submit a proposed judgment consistent with the same.

**IT IS SO ORDERED.**

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: June 29, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 29, 2015, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy
                                              Case Manager